UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR 28 P 3: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER CRENNEN,<br><br>Plaintiff,<br><br>v.<br><br>DELL MARKETING L.P., HEWLETT-PACKARD COMPANY, INTERNATIONAL BUSINESS MACHINES, A&T MARKETING INC., ALPHA SUM BUSINESS MACHINES, ARGON OFFICE SUPPLIES, INC., CAPITOL SUPPLY, INC., CDW GOVERNMENT INC., COMPLETE PACKAGING AND SHIPPING, DOCUMENT IMAGING DIMENSIONS, INC., ECONOFFICE PRODUCTS & SUPPLIES, FIRST COMPUTER SYSTEMS, FORCE 3 INC., FOX RIVER GRAPHICS, INC., GLOBAL ONLINE COMPUTERS INC., GOVCONNECTION INC., GTSI CORP., INTERNET SHOPPING OUTLET, LLC (d/b/a SHOPLET.COM), LOGICAL CHOICE TECHNOLOGIES INC., MPC-G, LLC, NEWARK CORPORATION, PARAGON SYSTEMS, LLC, PC MALL GOV, INC., RELYCO SALES INC., SOFTCHOICE CORPORATION, SOLONY, INC., UNISTAR-SPARCO COMPUTERS, INC., STRUCTURE WISE, INC., SYNNEX CORPORATION, TRANSOURCE SERVICES CORP., WECSYS LLC, and WESTWOOD COMPUTER CORP.<br><br>Defendants, | CIVIL ACTION NO. _____<br><br>**FILED IN CAMERA AND UNDER SEAL** |

## COMPLAINT

Plaintiff-Relator Christopher Crennen ("Relator") hereby files this complaint against

Defendants A&T Marketing Inc. ("A&T"), Alpha Sum Business Machines ("Alpha Sum"),

Argon Office Supplies, Inc. ("Argon"), Capitol Supply, Inc. ("Capitol"), CDW Government Inc.

("CDW"), Complete Packaging and Shipping ("CPS"), Dell Marketing L.P. ("Dell"), Document

Imaging Dimensions, Inc. ("DID"), EconOffice Products & Supplies ("EconOffice"), First

Computer Systems ("FCS"), Force 3 Inc. ("Force 3"), Fox River Graphics, Inc. ("Fox River"),

Global Online Computers Inc. ("Global Online"), Govconnection Inc. ("Govconnection"), GTSI

Corp., ("GTSI"), Hewlett-Packard Company ("HP"), International Business Machines ("IBM"),

Internet Shopping Outlet, LLC (d/b/a Shoplet.com) ("Shoplet.com"), Logical Choice

Technologies Inc. ("Logical Choice"), MPC-G, LLC ("MPC-G"), Newark Corporation

("Newark"), Paragon Systems, LLC ("Paragon"), PC Mall Gov, Inc. ("PC Mall"), Relyco Sales

Inc. ("Relyco"), Softchoice Corporation ("Softchoice"), Solony, Inc. ("Solony"), Unistar-Sparco

Computers, Inc. ("Unistar-Sparco"), Structure Wise, Inc. ("Structure Wise"), Synnex

Corporation ("Synnex"), Transource Services Corp. ("Transource"), WECsys LLC ("WECsys"),

and Westwood Computer Corp. ("Westwood") (hereinafter collectively referred to as

"Defendants"), and states as follows:

## I.    INTRODUCTION

1.    This is a *qui tam* action by Relator, for himself and on behalf of the United States,

to recover damages and civil penalties arising from Defendants' actions in: knowingly presenting

or causing to be presented false claims for payment or approval to the United States; knowingly

making, using, or causing to be made or used, false records or statements to get false or

fraudulent claims paid or approved by the United States; conspiring to defraud the United States

by getting false or fraudulent claims allowed or paid; and knowingly making false certifications

of compliance with various federal rules and regulations.

## II.    JURISDICTION AND VENUE

2.    This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq*.

2

3.     Jurisdiction over this action is vested in this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

4.     Venue is proper in this district under 31 U.S.C. § 3732(a) and under 28 U.S.C. §§ 1391(b) and 1391(c). At least one of the Defendants can be found, resides, and transacts business within the district, and many of the acts proscribed by the False Claims Act occurred within the district.

## III.   PARTIES

5.     Relator is a resident of the state of Colorado.

6.     Defendant A&T is a corporation organized under the laws of Maryland, with its headquarters located at 8257 Berryfield Drive, Baltimore, Maryland. A&T markets, sells, and supports computers, computer hardware, and other electronic devices. A&T operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of A&T's products is purchased by the United States Government through the process of government procurement.

7.     Defendant Alpha Sum is a business with its headquarters located at 33-27 Ninety First Street, Jackson Heights, New York. Alpha Sum markets, sells, and supports computers, computer hardware, and other electronic devices. Alpha Sum operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Alpha Sum's products is purchased by the United States Government through the process of government procurement.

8.     Defendant Argon is a corporation organized under the laws of California, with its headquarters located at 3508 Bering Dr., San Bruno, California. Argon markets and sells office supplies, computers, computer hardware, and other electronic devices. Argon operates

3

throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Argon's products is purchased by the United States Government through the process of government procurement.

9.     Defendant Capitol is a corporation organized under the laws of Florida, with its headquarters located at 5225 N.W. 33rd Avenue, Fort Lauderdale, Florida. Capitol markets and sells appliances, office and janitorial supplies, and electronics. Capitol operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Capitol's products is purchased by the United States Government through the process of government procurement.

10.     Defendant CDW is a corporation organized under the laws of Illinois, with its headquarters located at 230 North Milwaukee Ave, Vernon Hills, Illinois. CDW markets, sells, and supports computers, computer hardware, and other electronic devices. CDW operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of CDW's products is purchased by the United States Government through the process of government procurement.

11.     Defendant CPS is a corporation organized under the laws of New York, with its headquarters located at 68 33rd Street, Brooklyn, New York. CPS markets and sells shipping, packing and office supplies. CPS operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of CPS's products is purchased by the United States Government through the process of government procurement.

12.     Defendant Dell is a limited partnership organized under the laws of Delaware, with its headquarters located at One Dell Way, Round Rock, Texas. Dell designs, develops,

4

manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. Dell operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Dell's products is purchased by the United States Government through the process of government procurement.

13. Defendant DID is a corporation organized under the laws of Illinois, with its headquarters located at 1213 S. Bridge Street, Yorkville, Illinois. DID markets, sells, and supports computers, computer hardware, and other electronic devices. DID operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of DID's products is purchased by the United States Government through the process of government procurement.

14. Defendant EconOffice is a corporation organized under the laws of Florida, with its headquarters located at 640 East Douglas Rd., Suite A, Oldsmar, Florida. EconOffice markets, sells, and supports furniture, office supplies, computers, computer hardware, and other electronic devices. EconOffice operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of EconOffice's products is purchased by the United States Government through the process of government procurement.

15. Defendant FCS is a corporation organized under the laws of Georgia, with its headquarters located at 1375 Capital Circle, Ste B, Lawrenceville, Georgia. FCS markets, sells, and supports computers, computer hardware, and other electronic devices. FCS operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in

5

numerous foreign countries. A significant volume of FCS's products is purchased by the United States Government through the process of government procurement.

16.     Defendant Force 3 is a corporation organized under the laws of Maryland, with its headquarters located at 2147 Priest Bridge Drive, Crofton, Maryland. Force 3 markets, sells, and supports computers, computer hardware, and other electronic devices. Force 3 operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Force 3's products is purchased by the United States Government through the process of government procurement.

17.     Defendant Fox River is a corporation organized under the laws of Illinois, with its headquarters located at 150 S. Washington Street, Carpentersville, Illinois. Fox River markets, sells, and supports audiovisual equipment and other electronic devices. Fox River operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Fox River's products is purchased by the United States Government through the process of government procurement.

18.     Defendant Global Online is a corporation organized under the laws of Texas, with its headquarters located at 5606 Randolph Blvd, San Antonio, Texas. Global Online markets, sells, and supports computers, computer hardware, and other electronic devices. Global Online operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Global Online's products is purchased by the United States Government through the process of government procurement.

19.     Defendant Govconnection is a corporation organized under the laws of Maryland, with its headquarters located at 7503 Standish Place, Rockville, Maryland. Govconnection markets, sells, and supports computers, computer hardware, and other electronic devices.

6

Govconnection operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Govconnection's products is purchased by the United States Government through the process of government procurement.

20.     Defendant GTSI is a corporation organized under the laws of Delaware, with its headquarters located at 3901 Stonecroft Boulevard, Chantilly, VA. GTSI markets, sells, and supports computers, computer hardware, and other electronic devices. GTSI operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of GTSI's products is purchased by the United States Government through the process of government procurement.

21.     Defendant HP is a corporation organized under the laws of Delaware, with its headquarters located at 3000 Hanover Street, Palo Alto, California. HP designs, develops, manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. HP operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of HP's products is purchased by the United States Government through the process of government procurement.

22.     Defendant IBM is a corporation organized under the laws of New York, with its headquarters located at 1 New Orchard Road, Armonk, New York. IBM designs, develops, manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. IBM operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of IBM's products is purchased by the United States Government through the process of government procurement.

23.     Defendant Shoplet.com is a limited liability corporation organized under the laws of New York, with its headquarters located at 82 Wall Street, Suite 1105 New York, New York 10005, and its principal place of business located at 55 John Street, 11th Floor, New York, New York 10038. Shoplet.com markets, sells, and supports furniture, office supplies, computers, computer hardware and software, and other electronic devices. Shoplet.com operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Shoplet.com's products is purchased by the United States Government through the process of government procurement.

24.     Defendant Logical Choice is a corporation organized under the laws of Georgia, with its headquarters located at 3355 Breckinridge Blvd., Suite 200, Duluth, Georgia. Logical Choice markets, sells, and supports computers, computer hardware, and other electronic devices. Logical Choice operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Logical Choice's products is purchased by the United States Government through the process of government procurement.

25.     Defendant MPC-G is a limited liability corporation organized under the laws of Delaware, with its headquarters located at 906 East Karcher Road, Nampa, Idaho. MPC-G markets, sells, and supports computers, computer hardware, and other electronic devices. MPC-G operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of MPC-G's products is purchased by the United States Government through the process of government procurement.

26.     Defendant Newark is a corporation organized under the laws of Maryland, with its headquarters located at 1331 W. 29th Street, Indianapolis, Indiana. Newark markets, sells,

8

and supports computers, computer hardware, and other electronic devices. Newark operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Newark's products is purchased by the United States Government through the process of government procurement.

27.     Defendant Paragon is a limited liability corporation organized under the laws of Virginia, with its headquarters located at 950 Herndon Parkway, Herndon, Virginia. Paragon manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. Paragon operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Paragon's products is purchased by the United States Government through the process of government procurement.

28.     Defendant PC Mall is a corporation organized under the laws of Delaware, with its headquarters located at 2555 West 190th St., Torrance, CA. PC Mall markets, sells, and supports computers, computer hardware, and other electronic devices. PC Mall operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of PC Mall's products is purchased by the United States Government through the process of government procurement.

29.     Defendant Relyco is a corporation organized under the laws of New Hampshire, with its headquarters located at 100 Main Street, Suite 222, Dover, New Hampshire. Relyco markets, sells, and supports printing equipment and accessories. Relyco operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Relyco's products is purchased by the United States Government through the process of government procurement.

9

30.     Defendant Softchoice is a corporation organized under the laws of New York, with its headquarters located at 1840 Michael Faraday Drive, Suite 300, Reston, Virginia. Softchoice markets, sells, and supports computers, computer hardware, and other electronic devices. Softchoice operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Softchoice's products is purchased by the United States Government through the process of government procurement.

31.     Defendant Solony is a corporation organized under the laws of Delaware, with its headquarters located at 1339 H Street, NE, Suite 10, Washington, DC. Solony designs, develops, manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. Solony operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Solony's products is purchased by the United States Government through the process of government procurement.

32.     Defendant Structure Wise is a corporation organized under the laws of Missouri, with its headquarters located at 11124 South Towne Square, St. Louis, Missouri. Structure Wise markets, sells, and supports computers, computer hardware, and other electronic devices. Structure Wise operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Structure Wise's products is purchased by the United States Government through the process of government procurement.

33.     Defendant Synnex is a corporation organized under the laws of Delaware, with its headquarters located at 44201 Nobel Drive, Fremont, California. Synnex markets, sells, and

supports computers, computer hardware, and other electronic devices. Synnex operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Synnex's products is purchased by the United States Government through the process of government procurement.

34.    Defendant Transource is a corporation organized under the laws of Arizona, with its headquarters located at 10850 North 24th Avenue, Suite 102, Phoenix, Arizona. Transource designs, develops, manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. Transource operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Transource's products is purchased by the United States Government through the process of government procurement.

35.    Defendant Unistar-Sparco is a corporation organized under the laws of Mississippi, with its headquarters located at 7089 Ryburn Drive, Millington, Tennessee. Unistar-Sparco designs, develops, manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. Unistar-Sparco operates throughout the United States, including in the Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant volume of Unistar-Sparco's products is purchased by the United States Government through the process of government procurement.

36.    Defendant WECsys is a limited liability corporation organized under the laws of Minnesota, with its headquarters located at 4180 W. Broadway, Suite 400, Robbinsdale, Minnesota. WECsys's status as a limited liability corporation is inactive. WECsys designs, develops, manufactures, markets, sells, and supports computers, computer hardware, and other electronic devices. WECsys operates throughout the United States, including in the

11

Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant

volume of WECsys's products is purchased by the United States Government through the

process of government procurement.

37.    Defendant Westwood is a corporation organized under the laws of New Jersey,

with its headquarters located at 11 Diamond Road, Springfield, New Jersey. Westwood designs,

develops, manufactures, markets, sells, and supports computers, computer hardware, and other

electronic devices. Westwood operates throughout the United States, including in the

Commonwealth of Massachusetts, as well as in numerous foreign countries. A significant

volume of Westwood's products is purchased by the United States Government through the

process of government procurement.

## IV.    ALLEGATIONS

### A.    False Claims Act

38.    The False Claims Act ("FCA") was originally enacted in 1863 in order to combat

fraud involving government contracting and allow the government to recover losses resulting

from fraud. In 1986, Congress amended the FCA to order to enhance the act. Congress did so

recognizing that fraud perpetuated against federal programs and procurement was pervasive and

the FCA was one of the primary tools, if not *the* primary tool, for combating such fraud.

39.    The FCA provides that:

> Any person who (1) knowingly presents, or causes to be presented,
> to an officer or employee of the United States Government or a
> member of the Armed Forces of the United States a false or
> fraudulent claim for payment or approval; [or] (2) knowingly
> makes, uses, or causes to be made or used, a false record or
> statement to get a false or fraudulent claim paid or approved by the
> Government... is liable to the United States Government for a civil
> penalty of not less than $5,000 and not more than $10,000, plus 3

12

> times the amount of damages which the Government sustains
> because of the act of that person.

31 U.S.C. § 3729 (a).

40.     A key component of the FCA is its reliance on whistleblowers to bring fraud to

the attention of the United States Government. The United States simply does not have the

resources to detect every instance of fraud that is perpetuated against it. However, through the

FCA's *qui tam[1]* provision, which permits private citizens (i.e. whistleblowers) to file suit on

behalf of the United States to recover damages resulting from contractor fraud or other false

claims, the Government is able to detect far more numerous instances of fraud than it otherwise

would if the FCA lacked such a *qui tam* provision. As an incentive to get whistleblowers to

bring fraud to the attention of the United States, the FCA allows whistleblowers to share in a

significant portion of any proceeds recovered.

## B.     Federal Procurement and the GSA

41.     The General Services Administration ("GSA") is an agency of the Federal

Government, whose mission is to "help federal agencies better serve the public by offering, at

best value, superior workplaces, expert solutions, acquisition services and management policies."

42.     GSA consists of the Federal Technology Service ("FTS"), the Federal Supply

Service ("FSS"), the Public Buildings Service ("PBS"), and various Staff Offices, including the

Office of Governmentwide Policy ("OGP"). Eleven Regional Offices extend GSA's outreach to

federal customers nationwide. An anticipated GSA reorganization will consolidate FTS and FSS

into a single new organization, the Federal Acquisition Service ("FAS").

---

[1] *Qui tam* derives from the following Latin phrase: *qui tam pro domino rege quam pro se ipso in hac parte sequitor* ["who as well for the king as for himself sues this matter"]. Black's Law Dictionary, 7th Ed.

43.     GSA Regional Offices are located in Boston, New York, Philadelphia, Atlanta,

Chicago, Kansas City (Missouri), Fort Worth, Denver, San Francisco, Auburn (Washington), and

Washington, DC.

44.     GSA is the leading federal acquisition and procurement service offering

equipment, supplies, telecommunications, and integrated information technology solutions to

customer agencies. This includes the acquisition and procurement of computer PCs, computer

peripherals (e.g. monitor, keyboard, mouse, printer, etc.), and computer laptops.

45.     GSA acts as a catalyst for nearly $66 billion in federal spending — more than

one-fourth of the government's total procurement dollars. The agency also influences the

management of federal assets valued at nearly $500 billion.

46.     GSA assists federal agencies in procuring products such as computer equipment,

furniture, and office supplies. In large part, this assistance is provided through a website called

GSA Advantage! ("GSA Advantage! Website").[2]

47.     According to the website, GSA Advantage! offers the following services to

federal employees:

> With millions of products and services at your fingertips, GSA
> Advantage provides the most convenient one-stop shopping source
> to meet all your procurement needs. With GSA Advantage you
> have…
>
> - the most reliable resource for Federal purchasers
>
> - the most comprehensive selection of approved products &
>   services
>
> - the ability to complete purchases quickly, with confidence, and
>   at best value

---

[2] See http://www.gsaadvantage.gov.

14

## C.    The Buy American Act and the Trade Agreements Act

48.    The Buy American Act ("BAA") was enacted in 1933 in order to mandate the

United States Government's preference for the purchase of domestically produced goods over

foreign goods in government procurement. The BAA determines when, and the extent to which,

foreign products will be subject to a price disadvantage in procurement by the United States

Government.

49.    The application of the BAA was significantly changed with the Trade Agreements

Act of 1979 ("TAA"), which expanded access to government procurement under the BAA to

include products originating from certain other countries that have signed trade agreements with

the United States. The TAA exempts products of designated countries from the price handicaps

applicable to non-US origin goods under the BAA. The TAA also limits the procuring agency of

the federal government to consideration of offers of products from "designated countries" only.

50.    "Designated country" means any of the following countries:

> (1)  A World Trade Organization Government Procurement
> Agreement country (Aruba, Austria, Belgium, Canada,
> Cyprus, Czech Republic, Denmark, Estonia, Finland, France,
> Germany, Greece, Hong Kong, Hungary, Iceland, Ireland,
> Israel, Italy, Japan, Korea (Republic of), Latvia, Liechtenstein,
> Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland,
> Portugal, Singapore, Slovak Republic, Slovenia, Spain,
> Sweden, Switzerland, or United Kingdom);

> (2)  A Free Trade Agreement country (Australia, Canada, Chile,
> Mexico, or Singapore);

> (3)  A least developed country (Afghanistan, Angola, Bangladesh,
> Benin, Bhutan, Burkina Faso, Burundi, Cambodia, Cape
> Verde, Central African Republic, Chad, Comoros, Democratic
> Republic of Congo, Djibouti, East Timor, Equatorial Guinea,
> Eritrea, Ethiopia, Gambia, Guinea, Guinea-Bissau, Haiti,
> Kiribati, Laos, Lesotho, Madagascar, Malawi, Maldives, Mali,
> Mauritania, Mozambique, Nepal, Niger, Rwanda, Samoa, Sao

15

Tome and Principe, Senegal, Sierra Leone, Solomon Islands, Somalia, Tanzania, Togo, Tuvalu, Uganda, Vanuatu, Yemen, or Zambia); or

(4) A Caribbean Basin country (Antigua and Barbuda, Aruba, Bahamas, Barbados, Belize, British Virgin Islands, Costa Rica, Dominica, Dominican Republic, El Salvador, Grenada, Guatemala, Guyana, Haiti, Honduras, Jamaica, Montserrat, Netherlands Antilles, Nicaragua, St. Kitts and Nevis, St. Lucia, St. Vincent and the Grenadines, or Trinidad and Tobago).

51.     On the other hand, China, India, Indonesia, Malaysia, Philippines, Russia,

Taiwan, Thailand, and Vietnam, *inter alia*, are not "designated countries."

52.     Where the TAA applies to federal procurement, it must be determined whether the article offered for procurement is a "product of" a designated country. Under the TAA, this determination is based on the rules of origin developed under United States customs laws. If a product originates from a non-designated country, a bid for the product cannot be considered no matter what the price. For example, a computer manufactured in China cannot compete for federal procurement subject to the TAA.

53.     The BAA and TAA apply to the procurement done through the GSA Advantage! Website. In order to have their products listed on the GSA Advantage! Website, vendors are required to enter into a contract with GSA in which they agree to abide by the provisions of the Trade Agreements Act of 1979. This includes certifications that the goods offered on GSA Advantage! Website are in compliance with the BAA and TAA.

16

D.     False Statements Concerning Origin of Products Sold through GSA

54.     Each of the Defendants has entered into a contract with the GSA to sell its goods to federal agencies through the GSA Advantage! Website.

55.     Each of the Defendants has certified that its goods offered on the GSA Advantage! Website were in compliance with the BAA and TAA.

56.     Relator has discovered that significant numbers of federally owned computer products sold by the Defendants originate from non-designated countries. Relator has personally examined the country of origin labels on the backs of many computers and computer peripherals and accessories, such as mice, keyboards, and monitors, at the United States District Court for District of Colorado clerk's office and law library, and at the EPA Technical Library in downtown Denver. The great majority of these computer products were made in non-designated countries, usually China.

57.     Following up on this apparent violation of the TAA, Relator's further investigation uncovered that the country of origin of computer products sold by the Defendants is commonly misrepresented to federal buyers on the GSA Advantage! Website. The country of origin of each product sold on the GSA Advantage! Website is listed on the Product Detail page. By comparing the country of origin of products listed on the GSA site with the country of origin listed on the product (with identical manufacturer part numbers) at retail stores such as CompUSA, MicroCenter, Apple etc., Relator discovered that the Defendants commonly misrepresent the country of origin of their products to make sales to federal buyers.

58.     Attached at Exhibit A is a list of the Defendants' products that have been listed as made in TAA-designated countries on the GSA Advantage! Website but are in fact marked on the product and/or package as being made in non-designated countries. Upon information and

17

belief, there are other products offered by the Defendants that misrepresent their origin in addition to those listed in Exhibit A.

59.     The Defendants knowingly offered these computer and electronic products for sale to the federal government through the GSA Advantage! Website in contravention of the BAA and TAA.

60.     The Defendants knowingly sold these computer products and other electronic equipment to the federal government through the GSA Advantage! Website in contravention of the BAA and TAA.

61.     The Defendants knowingly submitted or caused to be submitted false and fraudulent claims for payment to be submitted to the United States Government by selling products from non-designated countries through the GSA Advantage! Website.

62.     The Defendants knowingly made, used, or caused to be made or used, false records or statements to get the sale of products from non-designated countries through the GSA Advantage! Website paid or approved by the United States Government.

63.     The Defendants knowingly made false certifications that they had complied with the BAA and TAA through their participation in the GSA Advantage! Website.

64.     For some time, Defendants have been selling to various federal agencies through the GSA Advantage! Website computer equipment and other products from China, Indonesia, Malaysia, Taiwan, Thailand, and Vietnam in contravention of the BAA and TAA.

65.     The sale by the Defendants of each item of computer equipment and other products whose origin is falsely represented constitutes a false claim in violation of the FCA.

66.     Furthermore, the listing by the Defendants of each item of computer equipment and other products which falsely represents the origin of the product is a false record or statement to get a false or fraudulent claim paid or approved by the Government.

67.     Furthermore, the listing by the Defendants of each item of computer equipment and other products which falsely represents the origin of the product is a violation of the implicit or explicit certification of compliance with the BAA and TAA that the Defendants are required to make in order to receive payment for the product.

68.     Every payment received for a product whose origin from a designated country is falsely represented constitutes a false claim within the meaning of 31 U.S.C. § 3729.

## COUNT I

## FALSE CLAIMS ACT VIOLATIONS

69.     Relator repeats and re-alleges each and every allegation contained in Paragraphs 1 through 68 as if alleged herein.

70.     This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729 - 32.

71.     Defendants violated the False Claims Act in that they:

      (1)     knowingly presented or caused to be presented numerous false claims for payment or approval to the United States in violation of 31 U.S.C. § 3729(a)(1);

      (2)     knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Government in violation of 31 U.S.C. § 3729(a)(2); and

      (3)     conspired to defraud the Government by getting false or fraudulent claims allowed or paid in violation of 31 U.S.C. § 3729(a)(3).

72.    As a result of Defendants' violations of 31 U.S.C. § 3729, the United States has

suffered severe damages in an amount to be determined at trial.

WHEREFORE, Relator, on behalf of himself and the United States, prays:

(a)    That the Court order that Defendants cease and desist from violating 31 U.S.C. § 3729 et seq.;

(b)    That the Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of between $5,500 and $11,000 for each violation of 31 U.S.C. § 3729;

(c)    That Relator be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim if the United States intervenes, and not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement of the claim if the United States does not intervene;

(d)    That Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

(e)    That the Court order such other relief as is appropriate.

## COUNT II

### FALSE CLAIMS BASED ON
### FALSE EXPRESS AND IMPLIED CERTIFICATIONS

73.    Relator repeats and re-alleges each and every allegation contained in Paragraphs 1

through 72 as if alleged herein.

74.    This is a claim for treble damages and forfeitures under the False Claims Act, 31

U.S.C. §§ 3729 - 32.

75.    In order to be eligible to have their products offered on that GSA Advantage!

Website, the Defendants have all certified that they are in compliance with the BAA and TAA.

20

76.     Defendants violated the False Claims Act in that they knowingly made false

certifications, either express or implied, that they had complied with the BAA and TAA through

their participation in the GSA Advantage! Website.

77.     Had the GSA learned that Defendants had made false certifications through their

participation in the GSA Advantage! Website, GSA would not have allowed Defendants to

participate in the program.

78.     As a result of Defendants' violations of 31 U.S.C. § 3729, the United States has

suffered severe damages in an amount to be determined at trial.

WHEREFORE, Relator, on behalf of himself and the United States, prays:

- (a)     That the Court order that Defendants cease and desist from violating 31 U.S.C. § 3729 et seq.;

- (b)     That the Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of between $5,500 and $11,000 for each violation of 31 U.S.C. § 3729;

- (c)     That Relator be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim if the United States intervenes, and not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement of the claim if the United States does not intervene;

- (d)     That Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

- (e)     That the Court order such other relief as is appropriate.

21

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

THE RELATOR, on his behalf and on Behalf
of the United States of America,
By his Attorneys,

Date:   March 28, 2006

Thomas M. Greene, Esq., BBO# 210020
Ilyas J. Rona, Esq., BBO# 642964
GREENE & HOFFMAN, P.C.
125 Summer Street, Suite 1410
Boston, MA 02110
Tel: (617) 261-0040
Fax: (617) 261-3558

22