## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u><br>CHRISTOPHER CRENNEN,<br><br>       Plaintiff,<br><br>v.<br><br>DELL MARKETING L.P.;<br>HEWLETT-PACKARD COMPANY;<br>CAPITOL SUPPLY, INC.;<br>CDW GOVERNMENT INC.;<br><br>FORCE 3 INC.;<br>GOVCONNECTION INC.;<br>GTSI CORP.;<br>SYNNEX CORPORATION;<br>UNISTAR-SPARCO COMPUTERS, INC.<br>and WESTWOOD COMPUTER CORP.<br>(now known as EMTEC FEDERAL INC.),<br><br>       Defendants. | <u>ORAL ARGUMENT</u><br>REQUESTED<br><br><br>CASE NO.: 1:06-CV-10546-PBS |

### CAPITOL SUPPLY, INC.'S MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED COMPLAINT
### OR TO TRANSFER THE CASE AS TO CAPITOL TO
### <u>THE SOUTHERN DISTRICT OF FLORIDA</u>

Pursuant to Fed. R. Civ. P. 9(b) and 12, Local Rule 7.1, and other applicable federal law,

Defendant, Capitol Supply, Inc. ("Capitol"), respectfully moves the Court to dismiss the

Plaintiff's First Amended Complaint ("Complaint") as against it or, in the alternative, sever

Plaintiff's claims against it from its claims against the other defendants, and transfer venue as to

Capitol to the Southern District of Florida.

In support of this Motion, Capitol avers that:

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

1.      This Court does not have personal jurisdiction over Capitol. Although Plaintiff alleges that "at least one of the defendants can be found, resides, and transacts business within [Massachusetts]", that is not the case as to Capitol. See Complaint, ¶ 4. The bare bones allegation that Capitol "operates . . . in the Commonwealth of Massachusetts . . ." in paragraph 6 of the Complaint (the Complaint does not state what is meant by the word "operates") is the only threadbare asseveration Plaintiff presents that ties Capitol, a Florida corporation with its principal place of business in Broward County, Florida, to Massachusetts.

2.      The gravamen of the Complaint is that each of the defendants entered into separate contracts with the United States General Services Administration ("GSA"), Complaint, ¶ 32, and supposedly sold goods to the United States government that did not comply with the Buy American Act ("BAA") and the Trade Agreements Act of 1979 ("TAA"), and therefore violated the Federal False Claims Act (31 U.S.C. § 3729) (the "FCA").

3.      The Complaint lumps together ten separate defendants, none of whom are alleged to have their principal place of business in Massachusetts. Complaint, ¶¶ 6 – 15. The Plaintiff is alleged to be a resident of the State of Colorado. Complaint, ¶ 5. The goods Plaintiff alleges violated the BAA, the TAA, and thus, the FCA, were supposedly examined by him at the law library and clerk's office at the United States District Court for the District of Colorado. Complaint, ¶ 34. The Complaint does not allege that any Defendant, let alone any party, has any tie to Massachusetts, other than the naked and conclusory allegation that each defendant "operates" in Massachusetts. *See e.g.* Complaint, ¶ 6. The Complaint does not allege that any of the specific goods in question were bought or sold within Massachusetts or were ever within Massachusetts.

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

4.     The defendants are not alleged to have operated in concert.  The Complaint does not allege that the goods supposedly sold were the same, either in terms of type or category of goods, or that they were sold under the same contract.  In fact, the Complaint does not contain any allegations that the defendants or their actions have any connection whatsoever to one another.

5.     Instead, the Complaint throws all of the defendants together, alleging that "defendants knowingly sold . . . products . . . to the federal government …," "knowingly submitted or caused to be submitted false . . . claims for payment . . .," "knowingly made, used, or caused to be made or used, false records or statements to get the sale of products . . . approved by the United States Government," and "knowingly made false certifications that they had complied with the BAA and TAA . . . "  Complaint, ¶¶ 37 – 41.

6.     The Complaint does not identify which of the alleged "defendants" undertook any particular action, nor does it specify when, how, or who made the supposed false representation(s).  It also fails to identify the contract or contracts pursuant to which Capitol (or any defendant) sold goods to the government,  the specific false claims for payment Capitol made, or the specific false records or statements used.  The complaint therefore fails to plead fraud with the particularity required by  Fed. R. Civ. P. 9(b).

7.     The Complaint alleges that "upon information and belief, there are other products offered by the Defendants that misrepresent their origin in addition to those listed in Exhibit A." Complaint, ¶ 36.  In other words, Plaintiff suspects this allegation is true but offers no facts to supporting it.  The Plaintiff's belief is based purely on speculation, and is insufficient to withstand a Rule 9(b) motion

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

8.      After three years of investigation, Plaintiff alleges in Exhibit "A" that Capitol sold

the government one computer monitor, one computer mouse, and four computer printers.

Plaintiff does not allege (a) when the supposed sales took place, (b) a description of the contract,

let alone its date, , (c) where the sale occurred, (d) the dollar amount  the government supposedly

paid for the goods in question, (e) what paperwork supposedly contained the false information,

or (f) what agency of the government purchased the goods.  Accordingly, the Complaint does not

state a cause of action for fraud upon which relief may be granted.

9.      Moreover, the BAA does not apply to the sale of commercial information

technology products (e.g., computers, ancillary equipment, peripheral equipment such as

monitors, mouses, and printers, and related materials) under a government contract, those

products being expressly exempted from the BAA by Section 25.103(e) of the Federal

Acquisition Regulations ("FAR").[1]  Moreover, open market sales to the government under

$194,000.00 are not governed by the TAA.  *See* FAR §§ 25.402(b) and 25.1101.  The Complaint

does not specify the amount of the alleged sales in question (although it should be obvious that

the price of the items attributed to Capitol and identified on Exhibit "A" of the Complaint—one

monitor, one mouse, and four printers—is far below $194,000.00).  Because the products sold by

Capitol are outside of the scope of the BAA and TAA, there is no violation of the FCA.

---

[1] The FAR defines "information technology" as "any equipment, or interconnected system(s) or subsystem(s) of equipment that is used in the automatic acquisition, storage, analysis evaluation, manipulation, management, movement, control, display, switching, interchange, transmission, or reception of data or information by the agency." *See* FAR 2.101. Examples of products falling within the definition of "information technology" include: computers, ancillary equipment (including imaging peripherals, input, output, and storage devices necessary for security and surveillance), peripheral equipment designed to be controlled by the central processing unit of a computer, software, firmware and similar procedures, services (including support services), and related resources." *See* FAR § 2.101.

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

10.     As the foregoing demonstrates, the skeletal allegations in the Complaint fall woefully short of providing the particularity required by Fed. R. Civ. P. 9(b). The plaintiff's allegations even fall short of the rules of pleading required for due process of law—that they contain sufficient detail to give Capitol notice and a meaningful opportunity to be heard. *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 314 (1950).

11.     Because Capitol is neither alleged to have sold any of the goods in question within Massachusetts, because the goods are not alleged to be in Massachusetts, and because Capitol does not have a place of business in Massachusetts, this case should also be dismissed on the basis of *forum non conveniens*.

12.     If the Court does not dismiss the case as to Capitol, it should grant Capitol's Motion to Sever, filed herewith, and transfer the case as to Capitol to the United States District Court for the Southern District of Florida, the state where Capitol resides, maintains its employees and business records, and does business.   As neither Relator nor its lead counsel resides in Massachusetts, there would be no prejudice to Relator in doing so.

13.     Capitol's memorandum of law is filed herewith.

WHEREFORE,  Capitol respectfully requests that the Court enter an Order:

1.     Dismissing the Complaint with prejudice as to Capitol or, in the alternative, severing Capitol from the other defendants and transferring the case as to  Capitol to the United States District Court for the Southern District of Florida; and

2.     Granting Capitol such other relief as may be appropriate and just.

Respectfully Submitted,

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

Capitol Supply, Inc.,
By its Attorneys

/s/ Adam Hodkin_____
Adam Hodkin (admitted pro hac vice)
HODKIN LAW GROUP, P.A.
120 E. Palmetto Park Rd., St. 100
Boca Raton, FL 33432
Phone:  561.347.6531
Fax:  561.300.3128
Email: ahodkin@hodkinlawgroup.com

/s/ Jeremy L. John_____
Jeremy L. John (BBO# 672953)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Phone:  617.535.4000
Dated:  December 4, 2009     Fax: 617.535.3800
(Local Counsel)

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

## LEGAL MEMORANDUM

### Point I

### COUNT I OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE RELATOR DOES NOT PLEAD FRAUD WITH PARTICULARITY

Count I of the Complaint alleges a violation of 31 U.S.C. § 3729(a)(1). Complaint, ¶ 49(1). However, the Complaint does not allege with any particularity that Capitol knowingly presented or caused another person to present to the government "a false or fraudulent claim for payment or approval." 31 U.S.C.§ 3729(a)(1) (2008); *see also Maturi v. McLaughlin Research Corp.*, 413 F.3d 166, 171-72 (1st Cir. 2005); *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 232 (1st Cir. 2004) ("liability under the False Claims Act requires a false claim.") (citation omitted). The Complaint does not identify with particularity any false or fraudulent claim for payment or approval that Capitol allegedly submitted to the government, and therefore must be dismissed. *See United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 46 (1st Cir. 2009) (The claim must present "particular false claims that were submitted for payment to the Government . . . ..")

"Claims brought under the FCA must satisfy the requirements of Rule 9(b), setting forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d. 141, 147 (D. Mass. 2000) (citation omitted); *see also Gagne*, 565 F.3d at 45. Although satisfaction of Rule 9(b) requires a relator's False Claims Act allegations to include specific information such as the "details concerning the dates of the claims, the content of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

the alleged fraudulent practices . . . ." no such particularity was provided *anywhere* in Relator's

Complaint. *See Karvelas*, 360 F.3d at 233,

The Complaint does not allege even one false or fraudulent claim for payment or approval

that Capitol–or someone on its behalf–submitted to the government.   Nor does the Complaint

allege other critical information such as the contract(s) pursuant to which any such alleged sales

were made, the dates that any such alleged sales were made, the amounts of any alleged sales,

and the person(s) involved in making such sales.

Because the actual submission of a false claim is the polestar of a False Claims Act suit,

and the relator has failed to allege with any particularity the submission of a false claim by

Capitol, the relator's case must be dismissed as to Capitol. *Karvelas*, 360 F.3d at 225

("Evidence of an *actual false claim* is 'the sine qua non of a False Claims Act violation.'")

Specific information regarding the allegedly non-compliant TAA and BAA sales to the

government is required because contracts for agencies using a simplified acquisition method

may not be subject to the TAA or BAA.   Depending on the contract upon which the Relator's

allegations rest, Capitol may not have been required to provide TAA or BAA certifications.

*See, e.g.,* FAR §§ 13.201; 25.100; 25.103; 25.402; and 25.1101.   There are two types of

simplified acquisitions: micro-purchases and acquisitions that are above the micro-purchase

threshold but below the simplified acquisition threshold.   *See* FAR Part 13.  As set forth in the

FAR, the BAA does not apply to sales below the micro-purchase threshold.   *See* FAR § 25.100

(the BAA "applies to supplies acquired for use in the United States . . . if . . . [t]he supply

contract *exceeds* the micro- purchase threshold ...") (emphasis added).

Simplified acquisitions above the micro-purchase threshold may be below the

threshold for TAA applicability.   *See* FAR §§ 25.402, 25.1101.   "[T]he value of the

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

acquisition is a determining factor in the applicability of trade agreements." *See* FAR §

25.402. Currently, the TAA and associated TAA certification clauses implementing the World

Trade Organization Government Purchase Agreement ("WTO GPA") are incorporated into

contracts only where the minimum value of the contract exceeds $194,000. *See* FAR §

25.402. Contracts below $194,000, are not subject to the WTO GPA incorporated by the TAA

and do not require a TAA certification. *See* FAR § 25.1101.

The mere fact that a product originated in a non-designated country does not necessarily

mean that the purchase of that product violated the BAA or TAA or that it violated any

certification requirement. *See, e.g.,* FAR § 25.001(a)(1). The government is permitted to

purchase foreign products unless explicitly precluded from doing so by an applicable law or

contract term. *See, e.g.,* FAR § 25.001(a)(1) and (b). Here, there is no allegation of an improper

purchase.

The Complaint also ignores widespread industry practice for the same product to be

manufactured in more than one country just so that trade compliant products can be sold to the

United States. Just because Relator's "investigation" found that certain products are sold to the

public at a retail store, "such as CompUSA, MicroCenter, Apple etc.," from a non-BAA or TAA

compliant country does not mean that sales of the same product to the United States on the

GSA Advantage! website also were from non-TAA or BAA compliant countries. Complaint,

¶ 35. Thus, the basis of Relator's lawsuit is a fatally-flawed premise.

Relator's broad, unsupported, and conclusory allegations are not sufficient to meet the

heightened pleading requirement of Rule 9(b), and, therefore, Relator's claim in Count I arising

under 31 U.S.C. § 3729(a)(1) should be dismissed with prejudice.

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

## POINT II

### COUNT I OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE RELATOR DOES NOT ALLEGE ANY FALSE RECORDS OR STATEMENTS USED TO GET A FALSE OR FRAUDULENT CLAIM PAID BY THE GOVERNMENT

For his claim under 31 U.S.C. § 3729(a)(2), Relator was required to allege with particularity that Capitol "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C.§ 3729(a)(2); *see also United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 47 (1st Cir. 2009). Thus, to satisfy Rule 9(b), Relator's claim under subjection (a)(2)

> must still connect the allegedly fraudulent statement to a planned claim on the government fisc, must show that the defendant intended the statement would have a material effect on the government's decision to pay a claim, and must plead the facts of the fraud with sufficient particularity . . . .

*Id.* at 46 n.7 (citation omitted). The allegations in the Complaint do not meet this requirement.

Instead, the Complaint relies solely on the conclusory allegation that "Defendants knowingly made, used, or caused to be made or used, false records or statements to get the sale of products from non-designated countries through the GSA Advantage! Website paid or approved by the United States Government." Complaint, ¶ 40. The absence of any underlying detail regarding Relator's allegation that Capitol in fact violated subsection (a)(2) fails to comply with the particularity requirements of Rule 9(b). *See Gagne*, 565 F.3d at 47-48 ("[A] conclusory allegation that defendants' submissions of time sheets was the making or usage of a false record or statement to get a false or fraudulent claim paid or approved by the government, absent more detail about those submissions and their connection to the false or fraudulent claims, is insufficient under Rule 9(b).") (citation omitted).

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

As in *Gagne*, Relator "provide[s] no details on what the alleged 'false, misleading and fraudulent pretenses and representations' consisted of, who made them, or when they were made 'to get a false or fraudulent claim paid or approved by the Government' . . . ." 565 F.3d at 47 (citation omitted). Nor does Relator's Complaint identify any false or fraudulent claim paid or approved by the government as a result of an allegedly false record or statement by Capitol, let alone the amount of such claim, when such a claim was made, and the person(s) involved in making any allegedly false claim, among other things. Accordingly, Relator's claim in Count I arising under 31 U.S.C. § 3729(a)(2) fails to comply with Rule 9(b) and should be dismissed with prejudice.

**Point III**

**COUNT I OF THE COMPLAINT SHOULD BE DISMISSED
BECAUSE THE RELATOR FAILS TO ALLEGE
FACTS CONSTITUTING A CONSPIRACY**

Relator alleges Capitol violated 31 U.S.C. § 3729(a)(3) by "conspir[ing] to defraud the Government by getting a false or fraudulent claim allowed or paid . . . ." Complaint, ¶ 49(3). Conspiracy claims under the False Claims Act also must comply with the particularity requirement of Rule 9(b). *See Gagne*, 565 F.3d at 45 ("We now hold those Rule 9(b) requirements apply to conspiracy claims under subsection (a)(3)."). The Complaint fails to identify "the 'who, what, when, where, and how' of the alleged fraud." *Walsh*, 98 F. Supp. 2d. at 147 (citation omitted); *see also Gagne*, 565 F.3d at 46 n.7 (finding that for subsection "(a)(3) claims, the relator must still connect the allegedly fraudulent statement to a planned claim on the government . . ., must show that the defendant intended the statement would have a material effect on the government's decision to pay a claim, and must plead the facts of the fraud with sufficient particularity to satisfy Rule 9(b).") (citation omitted).

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

The Complaint does not allege an agreement between any of the defendants. For a conspiracy to exist under subsection (a)(3) there must be – at a minimum – an agreement between two or more entities to defraud the government. *United States v. President & Fellows of Harvard College*, 323 F. Supp. 2d 151, 196 (D. Mass. 2004) ("To prove liability [under § 3729(a)(3)], a plaintiff must show: '(1) the defendant conspired *with one or more persons* to get a false or fraudulent claim allowed or paid by the United States; and (2) one or more conspirators performed any act to effect the object of the conspiracy.' General civil conspiracy principles apply to § 3729(a)(3).") (emphasis added and citations omitted). The Complaint is devoid of any allegation that there were any communications between any of the defendants. Relator's conclusory allegation that the defendants "conspired to defraud the Government . . .," Complaint, ¶ 49(c), is exactly the type of conclusory allegation that Rule 9(b) was designed to prevent. Accordingly, Relator's claim in Count I arising under 31 U.S.C. § 3729(a)(3) should be dismissed with prejudice.

**Point IV**

**COUNT II OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE RELATOR FAILS TO PLEAD FRAUD WITH PARTICULARITY**

Count II of the Complaint also fails to comply with the particularity requirement of Rule 9(b). The broad, conclusory allegations in Count II are devoid of any details to support the allegation that "Defendants violated the False Claims Act in that they knowingly made false certifications, either express on implied, that they had complied with the BAA and TAA through their participation in the GSA Advantage! Website." Complaint, ¶ 54. Although Relator was required specifically to identify, among other things, "the time, place, and content of the alleged false or fraudulent representations," *Karvelas*, 360 F.3d at 226, no such detail

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

was provided in the Complaint. Relator failed to specify any false certifications made by Capitol, when any false certifications were made, the contract(s) under which any such false certification was made, any sales made to the government as a result of any such false certifications, any payments made by the government as a result of any such false certifications, the names of any individuals who are alleged to have made any such false certifications, or that any alleged false certification was a condition precedent to obtaining a payment. *See, e.g., United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) ("Violations of laws, rules, or regulations alone do not create a cause of action under the FCA. It is the false certification of compliance which creates liability when *certification is a prerequisite to obtaining a government benefit*.") (citation omitted and emphasis added); *see also Karvelas*, 360 F.3d at 234 ("[A]lleged violations of federal regulations are insufficient to support a claim under the FCA").

Because Count II of the Complaint fails to plead any of the required elements of a false certification claim with particularity, it should be dismissed with prejudice.

### Point V

### COUNTS I AND II OF THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE INFORMATION TECHNOLOGY IS SPECIFICALLY EXEMPTED FROM BAA REQUIREMENTS

Additionally, the Complaint fails to state a cause of action because the FAR expressly *exempts* information technology products from application of the BAA. Beginning with the Consolidated Appropriations Act of 2004, commercial item information technology was excepted from the BAA. *See* Section 535 (a) of Division F, Title V, Consolidated Appropriations Act, 2004 (and similar sections in subsequent appropriation acts). Specifically, as expressly set forth in the FAR, which implements the BAA information technology exception from the 2004 Consolidated Appropriations Act, "[t]he restriction on purchasing foreign end products

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

*does not apply to the acquisition of information technology that is a commercial item*, when using fiscal year 2004 or subsequent fiscal year funds." FAR 25.103(e) (emphases added). Contracting officers are specifically instructed that they may acquire foreign end products *"without regard to the restrictions of the Buy American Act"* for "[i]nformation technology that is a commercial item." FAR 25.103(e) (emphasis added).

The FAR defines "information technology" as "any equipment, or interconnected system(s) or subsystem(s) of equipment that is used in the automatic acquisition, storage, analysis evaluation, manipulation, management, movement, control, display, switching, interchange, transmission, or reception of data or information by the agency." FAR 2.101. The FAR further describes the type of products falling within the definition of "information technology" to include: computers, ancillary equipment (including imaging peripherals, input, output, and storage devices necessary for security and surveillance), peripheral equipment designed to be controlled by the central processing unit of a computer, software, firmware and similar procedures, services (including support services), and related resources." FAR 2.101.

The sale of "computers and computer peripherals" – as alleged in the Complaint – clearly fall within the FAR definition of "information technology" and are thus subject to the information technology exception to the BAA. Thus, even assuming that Relator's allegations were properly plead, Capitol could not have violated the BAA by selling "computers and computer peripherals" on the GSA Advantage! website from non-designated countries. Accordingly, Relator's BAA claims in Counts I and II of the Complaint should be dismissed with prejudice because they fail to state a claim upon which relief can be granted.

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

## Point VI

### THE CASE AS TO CAPITOL SHOULD BE DISMISSED OR SEVERED AND TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA ON THE BASIS OF *FORUM NON CONVENIENS*

This case as to Capitol should be dismissed or, in the alternative, severed and transferred to the Southern District of Florida on the basis of *forum non conveniens*; becauseMassachusetts is an unduly burdensome forum for Capitol. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As noted above, Plaintiff has not identified any ties between itself, the sales in question, or Capitol—a Florida corporation having its principal place of business in Florida—and Massachusetts, despite the Complaint's naked, and undefined, claim that Capitol "operates" in Massachusetts. Capitol does not have an office in Massachusetts, and it does not have employees in Massachusetts.

Dismissal of an action on the ground of *forum non conveniens* "will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981). "At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." *Piper Aircraft Co.*, 454 U.S. at 254, n. 22, 102 S.Ct. at 265, n. 22. A forum is a suitable alternative "when the defendant is 'amenable to process' there." *Id.* If there is a suitable alternative forum, the court must then consider the litigants' private interests and the public interest and determine whether the balance of those factors strongly favors the defendant, requiring dismissal. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509, 67 S.Ct 839, 843, 91 L.Ed. 1055 (1947).

15

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

With regard to the choice of forum, this case is similar to *Transamerica Corp. v. Transfer Planning, Inc.*, 419 F. Supp. 1261 (S.D.N.Y. 1976). There, the defendant, a consulting firm, conducted a direct mail campaign, including 100 to 250 brochures containing symbols which allegedly infringed on plaintiff's registered trademark within New York, but defendant maintained no place of business, mail box, telephone or representative in New York, none of its employee or agents had ever entered New York for business purposes, and it had not earned any money as a result of its solicitations in New York. The Court held that the venue for trademark infringement action against defendant did not properly lie in Southern District of New York; and in the interests of justice, the cause would be transferred to the district court of the state of defendant's incorporation.

Here, it is plain that Florida is a suitable alternative forum, and Capitol is subject to personal jurisdiction process there. Capitol maintains its principal place of business and employees in Florida. The public interest is just as well served by having this case in Florida as it would be in Massachusetts. The private interest of Relator is not better served by this case being in Massachusetts than in Florida when neither Relator (who resides in Colorado) nor its lead counsel (who resides in Georgia), resides in Massachusetts. Capitol's private interests, however, are best served by this case being in Florida, because that is where Capitol's office is, where all of its employee are, and where all of its documents related to this case (to the extent there are any) are maintained. In short, the balance of public and private factors strongly favor Capitol, requiring dismissal of this case or, in the alternative, transfer of the case to the Southern District of Florida.

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

## Point VII

## INCORPORATION OF CO-DEFENDANTS' ARGUMENTS

Capitol hereby incorporates by reference the arguments and points of law of its co-defendants that are similarly applicable to Plaintiff's claims against Capitol.

## <u>CONCLUSION</u>

For the reasons set forth above, Capitol respectfully requests that the Court enter an Order:

1.    Dismissing the Complaint with prejudice as to Capitol or, in the alternative, severing Capitol from the other defendants and transferring the case as to Capitol to the United States District Court for the Southern District of Florida; and

2.    Granting Capitol such other relief as may be appropriate and just.

Respectfully Submitted,
Capitol Supply, Inc.,
By its Attorneys

/s/ Adam Hodkin
Adam Hodkin (admitted pro hac vice)
HODKIN LAW GROUP, P.A.
120 E. Palmetto Park Rd., St. 100
Boca Raton, FL 33432
Phone:  561.347.6531
Fax: 561.300.3128
Email: ahodkin@hodkinlawgroup.com

/s/ Jeremy L. John
Jeremy L. John (BBO# 672953)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Phone:  617.535.4000
Fax:  617.535.3800
(Local Counsel)

Dated:  December 4, 2009

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Capitol respectfully requests that the court set this Motion to Dismiss Plaintiff's First Amended Complaint or to Transfer the Case as to Capitol To the Southern District of Florida for hearing at its earliest convenience.

/s/ Adam Hodkin

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), Adam Hodkin, counsel for defendant Capitol Supply, Inc., conferred with counsel for Relator regarding the relief requested in this Motion, but the parties were unable to reach agreement as to the relief requested by Capitol Supply, Inc.

/s/ Adam Hodkin

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, a true and correct copy of this document (along with any and all supporting materials) will be served, by means of this Court's ECF system, upon all counsel of record identified as registered participants in the Notice of Electronic Filing ("NEF"). A copy will be served by other means upon any counsel of record identified in the NEF as non-registered participants.

/s/ Jeremy L. John

BST99 1638016-1.079369.0012