UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u><br>CHRISTOPHER CRENNEN,<br><br>    Plaintiff,<br><br>v.<br><br>DELL MARKETING L.P.;<br>HEWLETT-PACKARD COMPANY;<br>CAPITOL SUPPLY, INC.;<br>CDW GOVERNMENT INC.;<br><br>FORCE 3 INC.;<br>GOVCONNECTION INC.;<br>GTSI CORP.;<br>SYNNEX CORPORATION;<br>UNISTAR-SPARCO COMPUTERS, INC.<br>and WESTWOOD COMPUTER CORP.<br>(now known as EMTEC FEDERAL INC.),<br><br>    Defendants. | <u>ORAL ARGUMENT</u><br><u>REQUESTED</u><br><br>CASE NO.: 1:06-CV-10546-PBS |

**CAPITOL SUPPLY, INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
OR TO TRANSFER THE CASE AS TO CAPITOL TO
<u>THE SOUTHERN DISTRICT OF FLORIDA</u>**

Pursuant to Fed. R. Civ. P. 9(b) and 12, Local Rule 7.1, and other applicable federal law, Defendant, Capitol Supply, Inc. ("Capitol"), respectfully moves the Court to dismiss the Plaintiff's First Amended Complaint ("Complaint") as against it or, in the alternative, sever Plaintiff's claims against it from its claims against the other defendants, and transfer venue as to Capitol to the Southern District of Florida.

In support of this Motion, Capitol avers that:

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

1. This Court does not have personal jurisdiction over Capitol. Although Plaintiff alleges that "at least one of the defendants can be found, resides, and transacts business within [Massachusetts]", that is not the case as to Capitol. See Complaint, ¶ 4. The bare bones allegation that Capitol "operates . . . in the Commonwealth of Massachusetts . . ." in paragraph 6 of the Complaint (the Complaint does not state what is meant by the word "operates") is the only threadbare asseveration Plaintiff presents that ties Capitol, a Florida corporation with its principal place of business in Broward County, Florida, to Massachusetts.

2. The gravamen of the Complaint is that each of the defendants entered into separate contracts with the United States General Services Administration ("GSA"), Complaint, ¶ 32, and supposedly sold goods to the United States government that did not comply with the Buy American Act ("BAA") and the Trade Agreements Act of 1979 ("TAA"), and therefore violated the Federal False Claims Act (31 U.S.C. § 3729) (the "FCA").

3. The Complaint lumps together ten separate defendants, none of whom are alleged to have their principal place of business in Massachusetts. Complaint, ¶¶ 6 – 15. The Plaintiff is alleged to be a resident of the State of Colorado. Complaint, ¶ 5. The goods Plaintiff alleges violated the BAA, the TAA, and thus, the FCA, were supposedly examined by him at the law library and clerk's office at the United States District Court for the District of Colorado. Complaint, ¶ 34. The Complaint does not allege that any Defendant, let alone any party, has any tie to Massachusetts, other than the naked and conclusory allegation that each defendant "operates" in Massachusetts. *See e.g.* Complaint, ¶ 6. The Complaint does not allege that any of the specific goods in question were bought or sold within Massachusetts or were ever within Massachusetts.

2

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

    4.    The defendants are not alleged to have operated in concert. The Complaint does not allege that the goods supposedly sold were the same, either in terms of type or category of goods, or that they were sold under the same contract. In fact, the Complaint does not contain any allegations that the defendants or their actions have any connection whatsoever to one another.

    5.    Instead, the Complaint throws all of the defendants together, alleging that "defendants knowingly sold . . . products . . . to the federal government ...," "knowingly submitted or caused to be submitted false . . . claims for payment . . .," "knowingly made, used, or caused to be made or used, false records or statements to get the sale of products . . . approved by the United States Government," and "knowingly made false certifications that they had complied with the BAA and TAA . . . " Complaint, ¶¶ 37 – 41.

    6.    The Complaint does not identify which of the alleged "defendants" undertook any particular action, nor does it specify when, how, or who made the supposed false representation(s). It also fails to identify the contract or contracts pursuant to which Capitol (or any defendant) sold goods to the government, the specific false claims for payment Capitol made, or the specific false records or statements used. The complaint therefore fails to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

    7.    The Complaint alleges that "upon information and belief, there are other products offered by the Defendants that misrepresent their origin in addition to those listed in Exhibit A." Complaint, ¶ 36. In other words, Plaintiff suspects this allegation is true but offers no facts to supporting it. The Plaintiff's belief is based purely on speculation, and is insufficient to withstand a Rule 9(b) motion

Case 1:06-cv-10546-PBS   Document 152   Filed 12/04/09   Page 4 of 6

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

8.   After three years of investigation, Plaintiff alleges in Exhibit "A" that Capitol sold the government one computer monitor, one computer mouse, and four computer printers. Plaintiff does not allege (a) when the supposed sales took place, (b) a description of the contract, let alone its date, , (c) where the sale occurred, (d) the dollar amount the government supposedly paid for the goods in question, (e) what paperwork supposedly contained the false information, or (f) what agency of the government purchased the goods. Accordingly, the Complaint does not state a cause of action for fraud upon which relief may be granted.

9.   Moreover, the BAA does not apply to the sale of commercial information technology products (e.g., computers, ancillary equipment, peripheral equipment such as monitors, mouses, and printers, and related materials) under a government contract, those products being expressly exempted from the BAA by Section 25.103(e) of the Federal Acquisition Regulations ("FAR").[1] Moreover, open market sales to the government under $194,000.00 are not governed by the TAA. *See* FAR §§ 25.402(b) and 25.1101. The Complaint does not specify the amount of the alleged sales in question (although it should be obvious that the price of the items attributed to Capitol and identified on Exhibit "A" of the Complaint—one monitor, one mouse, and four printers—is far below $194,000.00). Because the products sold by Capitol are outside of the scope of the BAA and TAA, there is no violation of the FCA.

---

[1] The FAR defines "information technology" as "any equipment, or interconnected system(s) or subsystem(s) of equipment that is used in the automatic acquisition, storage, analysis evaluation, manipulation, management, movement, control, display, switching, interchange, transmission, or reception of data or information by the agency." *See* FAR 2.101. Examples of products falling within the definition of "information technology" include: computers, ancillary equipment (including imaging peripherals, input, output, and storage devices necessary for security and surveillance), peripheral equipment designed to be controlled by the central processing unit of a computer, software, firmware and similar procedures, services (including support services), and related resources." *See* FAR § 2.101.

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

10. As the foregoing demonstrates, the skeletal allegations in the Complaint fall woefully short of providing the particularity required by Fed. R. Civ. P. 9(b). The plaintiff's allegations even fall short of the rules of pleading required for due process of law—that they contain sufficient detail to give Capitol notice and a meaningful opportunity to be heard. *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 314 (1950).

11. Because Capitol is neither alleged to have sold any of the goods in question within Massachusetts, because the goods are not alleged to be in Massachusetts, and because Capitol does not have a place of business in Massachusetts, this case should also be dismissed on the basis of *forum non conveniens*.

12. If the Court does not dismiss the case as to Capitol, it should grant Capitol's Motion to Sever, filed herewith, and transfer the case as to Capitol to the United States District Court for the Southern District of Florida, the state where Capitol resides, maintains its employees and business records, and does business. As neither Relator nor its lead counsel resides in Massachusetts, there would be no prejudice to Relator in doing so.

13. Capitol's memorandum of law is filed herewith.

WHEREFORE, Capitol respectfully requests that the Court enter an Order:

1. Dismissing the Complaint with prejudice as to Capitol or, in the alternative, severing Capitol from the other defendants and transferring the case as to Capitol to the United States District Court for the Southern District of Florida; and

2. Granting Capitol such other relief as may be appropriate and just.

Respectfully Submitted,

*Crennen v. Dell Marketing, et al.*
*Capitol Supply's Motion to Dismiss*
*Case No. 1:06-CV-10546-PBS*

                                        Capitol Supply, Inc.,
                                        By its Attorneys

                                        /s/ Adam Hodkin
                                        Adam Hodkin (admitted pro hac vice)
                                        HODKIN LAW GROUP, P.A.
                                        120 E. Palmetto Park Rd., St. 100
                                        Boca Raton, FL 33432
                                        Phone: 561.347.6531
                                        Fax: 561.300.3128
                                        Email: ahodkin@hodkinlawgroup.com

                                        /s/ Jeremy L. John
                                        Jeremy L. John (BBO# 672953)
                                        MCDERMOTT WILL & EMERY LLP
                                        28 State Street
                                        Boston, MA 02109-1775
                                        Phone: 617.535.4000

Dated: December 4, 2009                Fax: 617.535.3800
                                        (Local Counsel)