UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

UNITED STATES OF AMERICA ex rel.
CHRISTOPHER CRENNEN,

    *Plaintiff,*

v.

DELL MARKETING L.P.; HEWLETT-PACKARD
COMPANY; CAPITOL SUPPLY, INC.; CDW
GOVERNMENT INC.; GTSI CORP.; SYNNEX
CORPORATION; UNISTAR-SPARCO
COMPUTERS, INC.; and WESTWOOD
COMPUTER CORP. (now known as EMTEC
FEDERAL, INC.),

    *Defendants.*

C.A. No. 06-10546 PBS

---

### DEFENDANT SYNNEX CORPORATION'S MOTION TO DISMISS REALTOR'S FIRST AMENDED COMPLAINT; AND MEMORANDUM IN SUPPORT THEREOF

Defendant Synnex Corporation respectfully moves this Court to dismiss Realtor Christopher Crennen's First Amended Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in the following Memorandum of Law, and further supported in memoranda in support of the several motions by other defendants, Realtor's Amended Complaint (1) fails to plead any of its claims under the False Claims Act with the requisite particularity and (2) fails to state a claim against Synnex under the Buy American Act ("BAA") because information technology products are specifically exempt from application of the BAA.

Moreover, since (1) Realtor has had more than enough time, even since the Government declined its right to takeover the case, to flesh out the allegations and (2) the Amended Complaint is not even close in setting forth not just a claim with sufficient particularity, but one that falls within the purview of the BAA and TAA, Synnex respectfully submits that Realtor's

1

Amended Complaint should be dismissed *with prejudice* to avoid a waste of further resources for the Court and the parties in a futile endeavor.

Because the Court has already been briefed extensively on these issues by Synnex' co-defendants, Synnex presents its relevant points below in brief, but joins in and references the argument and authorities presented in the memoranda in support of those Motions.

## INTRODUCTION

Defendant Synnex Corporation (hereafter "Synnex") is a global information technology supply chain services company which provides IT distribution and logistics services to original equipment manufacturers. In its distribution chain, Synnex sells products to resellers who then sell the purchased product to the end user (consumer). Synnex does NOT sell product directly to the consumer.

Realtor Christopher Crennen's (hereinafter "Realtor") First Amended Complaint fails to comply with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and should be dismissed with prejudice. Realtor contends that Synnex violated the False Claims Act by allegedly selling products on the GSA Advantage website that did not comply with the buy American Act ("BAA") and the Trade Agreements Act ("TAA"). Notwithstanding the serious nature of Realtor's allegations, nowhere does the Amended Complaint identify any allegedly false or fraudulent claim for payment or approval that Synnex submitted to the government. Instead, Realtor's broad, conclusory claims are based entirely on speculation and conjecture. The False Claims Act is not an appropriate vehicle for asserting claims based on nothing more than guesswork.

Despite the requirement under Rule 9(b) that False Claims Act allegations be plead with particularity, Realtor's Amended Complaint's conclusory allegations fail to identify the "who,

what, when, where and how" of any alleged fraud. Nowhere does Realtor identify even one allegedly false or fraudulent clam for payment or approval that Synnex or someone on its behalf submitted to the government. Nor does the Amended Complaint include such basic - and critical - information as

- the contract vehicle(s) pursuant to which any such alleged sales were made,
- the dates that any such alleged sales were made,
- the amounts of any alleged sales, or
- the person(s) involved in making such sales.

Moreover, although Realtor alleges that Synnex "conspired to defraud the Government", he fails to identify any of Synnex's alleged co-conspirators, let alone any actions allegedly taken to affect the object of the conspiracy. The complete absence of any particularity in the Amended Complaint contravenes Rule 9(b) and well established First Circuit precedent, and does not provide Synnex with sufficient information to formulate its defense.

Realtor's False Claims Act allegations stem entirely from his purported examination of the Customs "marking" on the back of certain computers in government offices and at certain retail stores, and his purported comparison of that information with the country of origin of products listed for sale on the GSA Advantage website. The incomplete and conclusory information Realtor gleaned from this "investigation" is a far cry from the existence of actual violations of the BAA and TAA, and is presumably why the allegations in Realtor's Amended Complaint are entirely devoid of any particularity.

Realtor's generalized allegations ignore the fact that a country of origin marking from a non-designated country does not constitute a violation of the False Claims Act. It does not even constitute a violation of the TAA or BAA. Realtor's allegations are oblivious to the fact that the

BAA does not apply to GSA Schedule sales as a matter of law. In fact, the BAA does not apply to the sale of any commercial information technology products under any government contract. Likewise, open market sales to the government under $194,400 are not governed by the TAA. Realtor appears not to know which - if either - country of origin regime even applies to his allegations. Accordingly, without identifying the specific amount of any alleged sales - which the Amended fails to do - Realtor cannot make out a claim that Synnex allegedly did not comply with either the BAA or TAA.

In this context, Realtor's allegations that Synnex violated the BAA by selling non-BAA compliant "computers and computer peripherals" through the GSA Advantage website fails to state a claim upon which relief can be granted. As noted above, Realtor ignores the fact that the Federal Acquisition Regulation ("FAR") expressly exempts commercial information technology products from application of the BAA.

### SYNNEX'S JOINDER IN ARGUMENTS AND AUTHORITIES SET FORTH IN THE MOTIONS TO DISMISS OF DEFENDANTS

Synnex hereby joins in and incorporates by reference the arguments and authorities set forth in support of the Motions to Dismiss by Defendants GTSI Corp., Unistar-Sparco Computers, Inc, Emtec Federal, Inc., and Force 3, Inc. and respectfully requests that this Court consider the same arguments as applied to Synnex. Specifically, Synnex hereby incorporates by reference the arguments and authorities set forth for the following points:

1. Realtor does not identify any false claims for payment or approval that Synnex allegedly presented to the Government.

2. Realtor does not identify any false records or statements used to get an allegedly false or fraudulent claim paid by the Government.

3. Realtor fails to plead any specificity to support his claim that there was a conspiracy to defraud the Government.

4. In all, Realtor's Amended Complaint should be dismissed because it fails to plead fraud with particularity.

5. Moreover, Realtor's Amended Complaint fails to state a claim under the BAA because information technology is specifically exempt from the BAA requirements.

6. Similarly, Realtor's Amended Complaint fails to state a claim under the TAA because open market sales under $194,400 are not subject to its requirements.

## CONCLUSION

For the reasons set forth above, Defendant Synnex respectfully requests that the Court dismiss Realtor's First Amended Complaint with prejudice.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Jeffrey M. Galen, counsel for Synnex Corporation conferred with counsel for Realtor regarding the relief requested in this Motion. The parties were unable to reach an agreement regarding the relief sought in this Motion.

Respectfully submitted this 21st day of December, 2009.

By: GALEN & DAVIS LLP

Jeffrey M. Galen, Esq. [CA Bar No.134705]
Admitted Pro Hac Vice
**GALEN & DAVIS, LLP**
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 Telephone
(818) 986-1859 Facsimile
**ATTORNEYS FOR DEFENDANT,
SYNNEX CORPORATION**

**Joseph L. Stanganelli, Esq. [BBO 628958]**
**Hiscock & Barclay, LLP**
50 Federal Street - 5th Floor
Boston, MA 02110
(617) 274-2902 Telephone
(617) 722-6003 Facsimile
Email: JStanganelli@hblaw.com
**ATTORNEYS FOR DEFENDANT,**
**SYNNEX CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on this 21st day of December, 2009.

Jeffrey M. Galen, Esq.